(46 Misc. Rep. 506.)

### HALEY v. SHERIDAN et al.

(Supreme Court, Special Term, New York County. March, 1905.)

ALIENS—DESCENT OF REALTY.

Where a citizen dies intestate seised of real estate acquired by devise from her mother, leaving as her heirs at law an uncle and aunt on her mother's side and three cousins, heirs at law of a deceased brother of her mother, the share of the uncle, who died a nonresident alien, does not descend to his daughter, though she had become an American citizen before her father's death by the naturalization of her husband, but the title thereto vested, under Const. art. 1, § 11, in the people of the state; the provisions of Laws 1897, p. 706, c. 593, providing that any citizen of a state which confers similar privileges on citizens of the United States may acquire, hold, and convey lands within the state in the same manner as if they were citizens of the United States, not changing the situation; although the English statute goes much further than that of the state of New York, and vests an alien with heritable blood.

[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Aliens, §§ 21–29, 33–46.]

Action by Annie C. Haley against Anne Sheridan and others for partition. Judgment for plaintiff.

Modified in 94 N. Y. Supp. 864.

Marshall S. Marsden, for plaintiff.

John J. Clancy, for defendants Kerr and Tully.

Julius M. Mayer, Atty. Gen. (Lewis Ogden O'Brien, of counsel), for the State of New York.

DOWLING, J. Mary McArdle, a citizen of the United States, died intestate, in the county of New York, November 5, 1903, seised of certain real estate therein which she had acquired by devise from her mother, Rose Monaghan. Her heirs at law were Anne Sheridan, a sister of Rose Monaghan, and decedent's aunt; James Tully, decedent's uncle, a brother of Rose Monaghan; and Matthew Tully, Maria Tully, and Annie C. Haley, cousins, being the heirs at law of Michael Tully, decedent's deceased uncle, a brother of Rose Monaghan. Matthew Tully thereafter died, unmarried and intestate, leaving his mother, Mary Tully, and his sisters aforesaid, Maria Tully and Annie C. Haley, his only heirs at law. James Tully, the uncle of decedent, a nonresident alien, died intestate in Ireland about April 9, 1904, leaving, him surviving, his widow, Mary Kerr, and his daughter, Margaret Kerr. James Tully, a citizen of the kingdom of Great Britain and Ireland, had never filed any declaration of his intention to become an American citizen. His daughter, Margaret Kerr, however, had become an American citizen De-

cember 11, 1903, by the naturalization of her husband. Upon the death of Mary McArdle intestate her real estate descended as follows: One-third to Anne Sheridan, one-third to James Tully, and one-third to Matthew Tully, Maria Tully, and Annie C. Haley in equal shares. Rev. St. part 2, c. 2, § 12. Upon the death of Matthew Tully, a citizen, his one-ninth share descended in equal shares to his two sisters, Maria Tully and Annie C. Haley, subject to the life estate of his mother, Mary Tully. Rev. St. part 2, c. 2, § 6. James Tully never took any steps to become a citizen of the United States, nor did he ever make or file the deposition required by section 4 of the real property law (Laws 1896, p. 560, c. 547). His widow, therefore, upon his death did not become entitled to dower in his property, which would only follow his citizenship, or his death after filing the deposition and before his admission to citizenship. Real Prop. Law (Laws 1896, p. 561, c. 547) § 5. An alien having no inheritable blood, upon the death of James Tully his one-third share vested at once in the people of the state of New York. Const. N. Y. art. 1, § 11. Chapter 547, p. 561, of the Laws of 1896 (Real Prop. Law), whereof section 7 is quoted as authorizing the descent of title to Margaret Kerr, is only a substantial re-enactment of the provisions of many similar prior acts, such as chapter 49, p. 46, Laws 1802 (section 3); chapter 123, p. 141, Laws 1807 (section 9); 1 Rev. St. (1st Ed.) part 2, p. 719, c. 1, tit. 1, § 9; chapter 115, p. 96, Laws 1845 (section 9); chapter 576, p. 229, Laws 1857 (section 1); chapter 513, p. 1060, Laws 1868 (section 1); chapter 141, p. 361, Laws 1872 (sections 1, 2); chapter 358, p. 877, Laws 1872 (section 1); chapter 336, p. 324, Laws 1875 (section 1); chapter 111, p. 117, Laws 1877 (section 1). Its only effect is to relieve those who take title from alien purchasers of a subsequent liability to be divested of such title by the state in an action of ejectment in the nature of an inquest of office. Fowler, Real Prop. Law (2d Ed.) 126. Nor does section 294 (page 621) of the real property law affect the status of defendant Margaret Kerr. It applies to the case of a person capable of inheriting, who, answering the description of heir, would have to trace part of his ancestry through an alien ancestor. This is not such a case. No one here is capable of inheriting from James Tully, because, as a nonresident alien, he can, in the view of the law, have no inheritable blood nor transmit by hereditary descent. Nor does chapter 593, p. 706, of the Laws of 1897, change the situation here. Its provision is:

"Any citizen of a state or nation which by its laws, confers similar privileges on citizens of the United States, may take, acquire, hold and convey lands or real estate within this state in the same manner and with like effect as if such person were, at the time, a citizen of the United States."

James Tully having been a citizen of Great Britain and Ireland, proof has been made of the English statute, chapter 14, 33, and 34, Victoria (May 12, 1870), in part as follows:

"Sec. 2. Real and personal property of every description may be taken, acquired, held and disposed of by an alien in the same manner in all respects as by a natural-born British subject; and a title to real and personal property

of every description may be derived through, from, or in succession to an. alien, in the same manner in all respects as through, from, or in succession to a natural-born' British subject."

It thus appears that the English statute goes much further than our own, and not only authorizes an alien to take, acquire, hold, and dispose of real and personal property, but vests him with heritable blood, and enables him to transmit by hereditary descent. This our statute does not do; nor does it insure to aliens residing in this state reciprocal rights and privileges to those which our citizens enjoy in the foreign nation, the alien's birthplace. It expressly by its terms only confers the right upon an alien to take, acquire, hold, and convey lands in this state, and does not confer upon him the privileges of hereditability contained in the latter part of the English statute. Inheritance by descent does not follow as a necessary right upon the power to take, acquire, hold, and convey. The shares of the parties hereto in the premises in question are therefore as follows, subject to the mortgage thereon and payment of the transfer tax: Anne Sheridan one-third, Maria Tully one-sixth, and Annie C. Haley one-sixth, whereof one-third of the share so held by said Tully and Haley, or one-eighteenth share of the whole, held by each, is subject to the life estate therein of Mary Tully; the people of the state of New York, one-third. Settle findings and judgment accordingly on notice.

Judgment accordingly.